UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
WINSTON & STRAWN LLP,

                Petitioner,

                -against-

JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A.,

                Respondents.
------------------------------------------------------------x

22-MC-0114 (ALC) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

This matter arises from a contentious patent litigation pending in the District of New Jersey, *Janssen Products L.P., et al., v. eVenus Pharms. Labs. Inc.*, 20-cv-9369 (the "DNJ Action"). Plaintiffs in that litigation served Defendant eVenus's counsel, Winston and Strawn, with a subpoena for documents and testimony on 20 topics concerning Winston and Strawn and eVenus's discovery practice in the DNJ Action. (ECF 3-6). On the same day that the subpoena issued – April 15, 2022 – Winston and Strawn initiated this miscellaneous case, seeking, inter alia, to quash the subpoena, to enter a protective order, and to enter transfer the case to the District of New Jersey pursuant to Fed. R. Civ. P. 45(f). (*See* ECF 1, 12).

Rule 45(f) states, in its entirety:

> **Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

The Advisory Committee Notes to the 2013 Amendments state, in relevant part:

> Rule 45(f) provides authority for [the Court where compliance is required] . . . to transfer the motion to the court where the action is pending. It applies to all motions under this rule, including an application under Rule 45(e)(2)(B) for a privilege determination . . . To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). But transfer to the court where the action is pending is sometimes warranted. If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so.

Respondents' arguments against transfer are meritless. While noting that "[t]he primary concern when considering a motion to transfer should be avoiding burdens on local nonparties subject to subpoenas," (ECF 27 at 2), Respondents fail to explain how that concern is addressed by keeping this subpoena-related matter in the Southern District of New York where the local nonparty has specifically requested a transfer. Respondents apparently also fail to apprehend the disjunctive nature of the first sentence of Rule 45(f): that the court may transfer upon consent of the person subject to the subpoena, **or** if the court finds "exceptional circumstances," preferring to argue only that Winston and Strawn has not shown exceptional circumstances to warrant transfer because the DNJ Action has been "assigned to three different district court judges and three different magistrate[] [judges]." (ECF 27 at 1). It is unclear how adding another magistrate judge, in a different district and circuit, no less, avoids further burdens on local nonparties or the courts as whole. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Indeed, my cursory review of the docket of the DNJ Action supports a finding of exceptional circumstances as well: the DNJ Action has been pending for just over two years and

2

has more than 350 docket entries to date. (*See* DNJ Action ECF 1, 359). The case was reassigned from Magistrate Judge Goodman to Magistrate Judge Singh on April 18, 2022, and on the same day, the parties wrote to Judge Singh concerning several discovery issues, including the subpoena to Winston and Strawn. (*See* DNJ Action ECF 242). Although many entries in the DNJ Action are sealed, the case appears to be stayed, the parties appear to be engaging in private mediation and, most importantly, Judges Castner and Singh have been handling the issues in the DNJ Action and have greater familiarity with the underlying action and the interrelated discovery issues presented therein. (*See* DNJ Action ECF 331). Accordingly, Winston & Strawn's motion to transfer (ECF 12) is **GRANTED**. The Clerk of Court is hereby directed to close ECF 12 and transfer this action, forthwith, to the United States District Court for the District of New Jersey.

**SO ORDERED.**

Dated: August 12, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

3