# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINSTON & STRAWN LLP,<br><br>                             Petitioner,<br><br>      v.<br><br>JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A.,<br><br>                            Respondents. | Civil Action No. 22-5061 (GC) (RLS)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

SINGH, United States Magistrate Judge.

      **THIS MATTER** comes before the Court upon the Motion of Petitioner Winston & Strawn LLP ("Winston & Strawn")—attorneys for eVenus Pharmaceuticals Laboratories Inc., Jiangsu Hengrui Pharmaceuticals Co. Ltd., and Fresenius Kabi USA, LLC (collectively, the "eVenus Parties") which are named Defendants in Civil Action No. 20-9369, pending in this District (the "Patent Action")—to quash a subpoena by Respondents, and Plaintiffs to the Patent Action, Janssen Products, L.P. and Pharma Mar, S.A. (collectively, "Janssen"). (Dkt No. 1). Alternatively, Winston & Strawn seeks the entry of a protective order prohibiting discovery from the law firm relating to the discovery and document collection efforts of the eVenus Parties in the Patent Action. (Dkt. No. 1). Janssen opposes the Motion, (Dkt. No. 24), and Winston & Strawn has replied, (Dkt. No. 26). On August 12, 2022, this Matter was transferred from the United States District Court for the Southern District of New York to this District. (Dkt. No. 37).

      The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Winston & Strawn's Motion to Quash is hereby GRANTED.

1

**I.      BACKGROUND AND PROCEDURAL HISTORY**

As the facts are well-known to the parties and the Court, they are not set forth at length herein. Instead, only those facts and procedural history related to the instant application are discussed herein.

The eVenus Parties retained Winston & Strawn as outside trial counsel in the Patent Action currently pending before this Court. (Dkt. No. 2 at p. 5). On April 1, 2022, Janssen served a third-party subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on Winston & Strawn, seeking documents and deposition testimony relating to the eVenus Parties' document production, review, and collection efforts in the Patent Action. (Dkt. No. 2 at p. 7). Winston & Strawn now moves to quash the subpoena pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, arguing that the information Janssen seeks "was communicated between Winston & Strawn and its clients, the eVenus Parties, and was created in anticipation and preparation of [the Patent Action]" and, therefore, is privileged and/or irrelevant. (Dkt. No. 2 at p. 13). Janssen, however, contends that Winston & Strawn has not met its burden to quash the subpoena; it argues that the law firm's "knowledge regarding the facts of document collection and production in [the Patent Action] are not privileged" and that Janssen is entitled to discovery regarding the efforts by the law firm and the eVenus Parties to meet discovery obligations in the Patent Action. (Dkt. No. 24 at p. 17).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena and provides as follows:

> On timely motion, the court . . . **must** quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv) (emphasis added). Here, Winston & Strawn contends that the Court should quash the subpoena because it would require the disclosure of privileged and protected information and would subject it to an undue burden.

The movant bears the burden of persuasion to quash a subpoena. *See Occidental Chemical Corp. v. 21st Cent. Fox Am., Inc.*, No. 18-11273, 2022 WL 253011, at *4 (D.N.J. July 7, 2022) (slip op.); *see also Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181, 185 (D.N.J. 2012). If the movant demonstrates that the subpoena "falls outside the scope of permissible discovery, requires disclosure of privileged or other protected matter, or subjects a person to undue burden," the court may quash or modify the subpoena. *Occidental Chem.*, 2022 WL 253011 at *4 (citation omitted). "An undue burden exists where the subpoena is unreasonable or oppressive." *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011) (citation and internal quotation marks omitted). To determine if a subpoena is unreasonable or oppressive, a court may consider the following factors: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party. *Id.*

Ultimately, a district court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012). Indeed, discovery is not limitless and may be circumscribed by the Court. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

## III.   DISCUSSION

In the subpoena at issue, Janssen seeks to subpoena documents from the eVenus Parties' outside trial counsel concerning discovery in the Patent Action. Janssen posits that the information is necessary based on the "extraordinary deficiencies" in the eVenus Parties' document production in the Patent Action. (Dkt. No. 24 at pp. 18-22).

However, the attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice. *Memory Bowl*, 280 F.R.D. at 185 (citing *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 230-31 (3d Cir. 2007)). The privilege aims to promote "disclosure and communication between the attorney and client[,] and courts tolerate this exception to the otherwise broad discovery policy embodied in Federal Rule of Civil Procedure 26 on the grounds that 'sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.'" *In re Valeant Pharmaceuticals, Inc.*, 2021 WL 2163463, at *4 (D.N.J. Apr. 26, 2021) (slip op.) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Furthermore, the work product doctrine provides even broader protection that the attorney-client privilege. *United States v. Nobles*, 422 U.S. 225, 238 n.11 (1975). As the parties are aware, the work product doctrine provides "'near absolute protection from discovery'" those "'mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation.'" *Memory Bowl*, 280 F.R.D. at 186 (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003)).

4

Through the Motion, Winston & Strawn sets forth with specificity the basis of privilege for each of Janssen's requests in the subpoena. (Dkt. No. 2 at pp. 16-19). Indeed, Janssen's subpoena focuses not on the merits of the Patent Action, but on the discovery efforts made by the eVenus Parties and Winston & Strawn throughout the course of litigating the Patent Action. As Winston & Strawn correctly notes, this type of information is privileged as it was created in anticipation of litigation or for trial in the Patent Action and would entail confidential communications between attorneys and their clients; therefore, such information is not subject to discovery under Rule 26 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)."). Winston & Strawn has not waived this privilege, nor does Janssen claim that a waiver of privilege has been made.

Accordingly, Winston & Strawn has sufficiently demonstrated that the subpoena would require the disclosure of information subject to the attorney-client and work product privileges. *See Occidental Chem.*, 2022 WL 253011, at *4; *Rialto-Cap. Condo. Ass'n, Inc. v. Burlington Ins. Co., et al.*, No. 19-12811, 2021 WL 5494372, at *7 (D.N.J. Nov. 23, 2021) (granting a motion to quash when the information sought was protected by the attorney-client privilege). Therefore, the Court grants the Motion to Quash pursuant to Rule 45(d)(3)(A)(iii).

### IV.   CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **22d** day of **August 2022**, hereby

**ORDERED** that Winston & Strawn's Motion to Quash (Dkt. No. 1) is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall hereby **TERMINATE** Docket Entry Number 1; and it is further

**ORDERED** that the Clerk of Court shall hereby mark this matter **CLOSED**.

**SO ORDERED.**

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**